**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KAIF MUHAMMAD,**
**f/k/a KEITH O. JOHNSON,**
**D.O.C. # 583744,**

    **Plaintiff,**

vs.                                              **Case No. 4:18cv376-RH-MAF**

**MARK S. INCH, SECRETARY**
**of the FLORIDA DEPARTMENT**
**OF CORRECTIONS**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a third amended civil rights complaint [hereinafter "complaint"], ECF No. 31, which was reviewed and deemed sufficient for service.[1]  On April 28, 2021, service was directed on the Secretary of the Department of Corrections, Mark S. Inch, sued only in his official capacity.  ECF No. 32.  The docket shows that Defendant Inch was served with process on May 3, 2021.  ECF No. 34.  Accordingly, a

---

[1] Plaintiff's complaint presents a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*

response to Plaintiff's complaint was due within 60 days, or by July 2, 2021. When nothing had been filed by the Defendant, an Order was entered on July 7, 2021, directing the Clerk of Court to note on the docket that Defendant Inch was in default pursuant to Rule 55(a). ECF No. 36. The Clerk did so that same day. ECF No. 37.

Also later that same day, Defendant filed a motion to stay this case, ECF No. 38, and a motion to set aside the default, ECF No. 39. The motion to stay advises that Plaintiff's complaint challenges the Department's "dual-name policy" and Plaintiff claims it violates the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). ECF No. 38 at 1-2. Defendant states there is a "potential argument to raise that Plaintiff failed to exhaust his available administrative remedies via a Petition to Initiate Rule-Making as to the challenged" policy. *Id.* at 2. The issue of whether a prisoner must file such a petition is currently before the Eleventh Circuit Court of Appeals in the appeal of Sims v. Inch, 4:16cv49-RH-CAS.[2] *Id.* Thus, Defendant requests that this case be stayed until an

---

[2] Sims challenged the Department's Rule which prevented him from growing a fist length beard. The motion to dismiss filed in that case, ECF No. 20, argued that Mr. Sims failed to exhaust administrative remedies because he did not file a petition to initiate rulemaking. That argument was rejected. ECF Nos. 25, 28 of that case.

opinion is issued in Sims which, Defendant asserts, may be issued "any day" as briefing and oral argument have already concluded. *Id.* at 2-3. Such an opinion would be pertinent to this case and might possibly provide a meritorious defense based on exhaustion.

Additionally, Defendant's motion to set aside the default, ECF No. 39, advises that counsel had prepared a draft of the motion to stay on June 23, 2021. ECF No. 39 at 1-2. It was provided to the client for review on June 23rd and counsel intended to file the motion on June 24th. *Id.* at 2. Due to an administrative error, the motion was not filed. *Id.* Counsel explains it was an oversight and counsel believed the motion had been filed until receipt of this Court's Order on July 7, 2021. *Id.* The motion to set aside default and motion to stay were filed immediately. *Id.* Moreover, because the failure that occurred in this case was not due to any action of the Defendant, it is requested that the default be set aside. ECF No. 39.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, the Clerk entered a default, ECF No. 37, but a default judgment has not been entered. The appropriate standard is that of Rule 55(c) - whether there has been "good cause." Notably, the

"good cause standard" is far less rigorous than the "excusable neglect standard" which is applied in setting aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Trinity Aviation Servs., Ltd. v. Lopez, 635 F. App'x 853, 854 (11th Cir. 2016). Additionally, within the Eleventh Circuit is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). "'[A] technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam) (quoted in Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

The Eleventh Circuit has explained the "good cause" standard as follows:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party

> presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations and quotations omitted) (quoted in Fed. Trade Comm'n v. MOBE Ltd., No. 618cv862ORL37DCI, 2019 WL 3503285, at *2-3 (M.D. Fla. Apr. 19, 2019)).

In considering the guidelines outlined above, Defendant has shown that the default was not willful, but unintentional due to oversight. Furthermore, the Defendant acted with diligence to promptly to rectify the default.  There is no prejudice to Plaintiff and, as noted above, Defendant Inch has asserted a possible meritorious defense.  Notably, "[a] defendant has a meritorious defense if it raises a good defense at law."  United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983)

(relied on in <u>Retina-X Studios, LLC v. ADVAA, LLC</u>, 303 F.R.D. 642, 657 (M.D. Fla. 2014)).  "Thus, whether a defense is meritorious does not depend on its likelihood of success."  <u>Retina-X Studios, LLC</u>, 303 F.R.D. at 657.

It is concluded that the failure to respond in a timely manner to the complaint was not done in bad faith and that good cause exists to lift the Clerk's entry of default.  Defendant Inch should be permitted to proceed in defending this case.  The motion to stay, ECF No. 38, should also be granted and this case stayed pending a ruling on the exhaustion issue by the Eleventh Circuit Court of Appeals.

### RECOMMENDATION

It is respectfully recommended that Defendant Inch's motion to set aside the clerk's default, ECF No. 39, be **GRANTED**, and Defendant be permitted to file a motion to dismiss within 14 days of a decision rendered by the Eleventh Circuit Court of Appeals.  It is further recommended that the motion to stay, ECF No. 38, be **GRANTED**, and the Defendant required to file a status update concerning the status of the appeal every 60 days.

Finally, it is recommended that this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2021.

      S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**